UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOE D. ASHWORTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13 CV 1599 CDP |
| | ) | |
| BRISTOL WEST INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER OF REMAND**

This newly-removed case is before me on plaintiff's motion for remand. Defendant removed this action on the basis of diversity of citizenship under 28 U.S.C. § 1332(a)(1). According to the state court petition, plaintiff was injured in a car accident with William Cox. He settled his claim against Cox for $25,000 but alleges additional damages, so he brings this action against his insurance carrier under his underinsured motorist (UIM)[1] policy for breach of contract and vexatious refusal to pay benefits. Plaintiff merely pleads that he has sustained damages in excess of the settlement amount with Cox and prays for damages in excess of Missouri's jurisdictional minimum of $25,000.

---

[1] UIM coverage is optional coverage purchased by an individual through his own insurance company "to pay for losses incurred because another negligent driver's insurance is insufficient to cover his or her actual loss." Geneser v. State Farm Mut. Auto. Ins. Co., 787 S.W.2d 288, 289 (Mo. Ct. App. 1989).

In support of removal, defendant argues that plaintiff's claims will likely exceed the jurisdictional minimum of $75,000 because plaintiff alleges that he has UIM "coverage for $50,000 per person for each of plaintiff's three automobiles insured by Defendant Bristol West," his pre-suit settlement demand requested "all applicable policy limits," and he may be entitled to statutory penalties and attorney's fees if he prevails on his vexatious refusal to pay claim. According to defendant, then, plaintiff is alleging that his UIM coverage should be "stacked,"[2] thereby putting a minimum of $150,000.00 in controversy.

In support of remand, plaintiff contends that "by the applicable policy provisions and limitations of Defendant's policy the maximum underinsured benefits Plaintiff can recover are $50,000.00." Thus, plaintiff concedes that he cannot stack his UIM coverage under the policy.[3] Despite this clarification from

---

[2]Under Missouri law, "stacking refers to an insured's ability to obtain multiple insurance coverage benefits for an injury, either from more than one policy, as where the insured has two or more separate vehicles under separate policies, or from multiple coverages provided for within a single policy, as when an insured has one policy which covers more than one vehicle." Ballard v. State Farm Mut. Auto. Ins. Co., 2012 WL 1085489 at *2 (E.D. Mo. Mar. 30, 2012) (internal quotation marks and citation omitted); see also Ritchie v. Allied Property & Cas. Ins. Co., 307 S.W.3d 132, 135 (Mo. 2009).

[3]Defendant's argument that plaintiff merely relies on its affirmative defense to make this argument is wrong, as is its statement that plaintiff does not "admit that he only seeks the single $50,000 limit." Plaintiff affirmatively concedes that the "maximum [amount of benefits] plaintiff can recover [is] $50,000.00" Defendant's memorandum in opposition to removal is replete with misstatements. Counsel is cautioned that future conduct of this nature may result in an order of sanctions.

the plaintiff, defendant still insists that I have subject-matter jurisdiction over this matter. I do not, so the motion for remand will be granted.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Any civil action brought in a state court over which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a). The propriety of removal to federal courts depends on whether the claim is within the scope of the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(b). In the event the federal court determines that it does not have subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c). Removal statutes are strictly construed, In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993), and all doubts about the propriety of removal must be resolved in favor of remand. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. In re Business Men's Assurance Co., 992 F.2d at 183. The Court must look to the plaintiff's pleadings at the time

of removal in determining whether removal was proper. Pullman Co. v. Jenkins, 305 U.S. 534, 537–38 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Because Missouri[4] prohibits a plaintiff from seeking a specific amount of damages in his state court complaint, I may consider post-removal stipulations and pleadings to determine whether jurisdiction has attached, as long as it clarifies rather than amends an original pleading. See Berry v. Renaissance Hotel Mgmt., LLC, 2011 WL 1379860, at *2 (E.D. Mo. Apr. 12, 2011); Salinas v. USAA Casualty Ins. Co., No. 4:10–CV–1103 DJS (E.D. Mo. July 27, 2010); Dyrda v. Wal–Mart Stores, Inc., 41 F. Supp. 2d 943, 949 (D. Minn. 1999).

Here, plaintiff alleges claims against the defendant for breach of insurance contract and vexatious refusal to pay an insurance claim. Plaintiff accurately pleads that his UIM policy provides coverage of $50,000.00 per person for each of his three vehicles. However, he does not allege that he is entitled to stack these policies for a recovery of $150,000.00. Defendant incorrectly assumed that plaintiff would seek to stack coverage for all three vehicles based solely upon this

---

[4]Missouri Rules of Civil Procedure 55.05 and 55.19 prohibit the pleading of a specific amount in controversy.

allegation and because plaintiff sought to settle the case for the policy limits.

However, this evidence is insufficient to demonstrate that the amount in controversy has been met. Plaintiff has clarified that he is not seeking to stack his UIM policy, as the policy expressly prohibits stacking. As for plaintiff's demand to settle the case for the "applicable policy limits," here, as plaintiff correctly points out, that would be $50,000.00, not $150,000.00, as defendant erroneously assumed. Plaintiff's motion for remand and the accompanying affidavit of counsel clarify the petition's demands and can properly be considered to determine whether the amount in controversy has been met. Here, it has not been met with respect to plaintiff's breach of contract claim, as the maximum amount of damages plaintiff can hope to recover is $50,000.00.

Defendant also argues, without any support, that the amount in controversy has been met if I consider the penalties and fees that may be awarded plaintiff under his vexatious refusal to pay claim. Of course, if defendant had bothered to do the math it would have discovered that is simply not true. Mo. Rev. Stat. § 375.420 (2011) caps vexatious refusal to pay penalties at "twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee." Applied here, that would mean the total amount in controversy is $68,937.50 if I assume a

reasonable attorney's fee of one-quarter (as suggested by defendant), or $73,533.33 if I assume a reasonable attorney's fee of one-third (as suggested by plaintiff).[5] In either case, the amount in controversy does not exceed $75,000.00.

As the party invoking jurisdiction, defendant has the burden of establishing that all prerequisites to jurisdiction have been satisfied. <u>Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.</u>, 561 F.3d 904, 912 (8th Cir. 2009). Because defendant has not met this burden, I must remand this matter to state court for lack of subject-matter jurisdiction.

Finally, plaintiff requests an award of attorney's fees for defendant's improvident removal of this case. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005). Here, plaintiff's damages come close, but do not exceed, the jurisdictional threshold. For that reason, I find that

---

[5]The maximum amount of damages recoverable under the statute would be $5,150.00, plus a reasonable attorney's fee. A one-quarter attorney's fee would be $13,787.50, while a one-third attorney's fee would amount to $18,383.00.

defendant had an objectively reasonable, although not ultimately legally sufficient, basis for seeking removal.  Accordingly, plaintiff's request for fees and costs will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for remand [#7] is granted, and this case is remanded to the Circuit Court of the City of St. Louis, Missouri for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of October, 2013.